UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HENRY SYSWERDA,

        Plaintiff,

v.

INTERNAL REVENUE SERVICE, et al.,

        Defendants.

_____/

Hon. Paul L. Maloney

Case No. 1:26-cv-01588

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on May 14, 2026. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed and this action terminated.

## BACKGROUND

Plaintiff initiated this action against (1) the Internal Revenue Service (IRS); (2) Scott Bessent, Secretary of the U.S. Treasury; (3) Timothy R. Wolner, IRS employee; (4) C. Smith, IRS employee; (5) John/Jane Doe, IRS employee; and (6) John Jane Doe, IRS employee. (ECF No. 1, PageID.2-3). Although difficult to follow, Plaintiff alleges the following in his complaint. He has had no tax liability from 2014 to 2026. (ECF No. 1, PageID.6). Plaintiff "operat[ed] a private enter-prize [sic] and all payments

received are private [and] nonreportable." (*Id.*). The IRS informed Plaintiff that he was operating a trade or business for tax liability purposes and assessed taxes and penalties accordingly. (*Id.*). Plaintiff asserts that "the payments were not from a 'trade or business' profits and gains, but from private payments which are not reportable." (*Id.*). Plaintiff alleges that the IRS created "false tax liability" (*id.*) and that he is "not liable for the income tax" (ECF No. 1, PageID.7). Plaintiff does not identify the type of relief that he is seeking but states that Defendants' "actions have caused irreparable damages" to him. (ECF No. 1, PageID.7).

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet
> that a court must accept as true all of the allegations contained in a

-2-

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (citations omitted).

Plaintiff fails to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). Notably, Plaintiff's claims do not allege what tax liability was assessed against him or the total amount. (ECF No. 1, PageID.7). Without sufficient factual allegations about the allegedly improper tax liability, Plaintiff's claims fail. Additionally, Plaintiff's conclusory allegations are precisely the kind of "unadorned, the defendant-unlawfully-harmed–me accusation[s]" that are not viable under *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 678-79.

Even if Plaintiff had adequately stated a claim, however, this court would likely lack subject matter jurisdiction to hear this case.

"Under 28 U.S.C. § 1346(a)(1), which grants jurisdiction to district courts, and the claim for refund statute, 26 U.S.C. § 7422, a taxpayer must file a claim for refund and pay the full amount of the tax deficiency before he may challenge the correctness by a suit for refund in district court." *Martin v. Comm'r*, 753 F.2d 1358, 1360 (6th Cir. 1985)

(citing *Flora v. United States*, 357 U.S. 63 (1958)).   If a plaintiff fails to file a claim for a refund or pay an alleged tax deficiency, the district court lacks jurisdiction to entertain a suit for the deficiency.   *Id.*; *see also* 26 U.S.C. § 7422 ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive . . . until a claim for refund or credit has been duly filed with the Secretary . . . .").

Plaintiff attached to his complaint several alleged IRS notices dated April 4, 2019, denying his claims for refunds because Plaintiff "filed a frivolous return" with "no basis in law."   (ECF No. 1-1, PageID.12-14).   However, Plaintiff did not allege facts sufficient to suggest that he exhausted administrative remedies.   Plaintiff fails to affirmatively and sufficiently allege whether he has filed a claim for a refund, for how much and which year, or that he paid the full amount of the tax deficiency.   As such, the Court cannot determine whether it has subject matter jurisdiction to hear Plaintiff's case at this time although it likely does not.

Accordingly, the undersigned recommends dismissal of Plaintiff's complaint.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed and that this action be terminated.   (ECF No. 1).   For the same reasons the undersigned makes these recommendations, the undersigned

-4-

further recommends that an appeal of this matter by Plaintiff would not be in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: June 24, 2026          /s/ Phillip J. Green
                               PHILLIP J. GREEN
                               United States Magistrate Judge

-5-