UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HENRY SYSWERDA,                                  )
         Plaintiff,                                      )
                                     )    No. 1:26-cv-1588
v.                                                    )
                                     )    Honorable Paul L. Maloney
INTERNAL REVENUE SERVICE, ET AL.,                     )
         Defendants.                                     )
                                     )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Green's Report and Recommendation (R&R), (ECF No. 6), in which he recommended that Plaintiff's complaint be dismissed for failure to state a claim. Plaintiff, proceeding *in forma pauperis* in this case, objected to the R&R. (ECF No. 7). Plaintiff's complaint failed to elucidate what harm Plaintiff suffered or what relief he sought. Additionally, the only legal assertions made are clearly wrong on the face of the cited statutes. Plaintiff confirmed in his objections that if those assertions are faulty, his claims are baseless. The R&R will thus be adopted, and Plaintiff's objections will be overruled.

**I.**

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de

1

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

In cases where the plaintiff proceeds in forma pauperis, courts must dismiss the case if they determine that the plaintiff fails to state a claim on which relief may be granted. U.S.C. § 1915(e)(2). To state a claim, "a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## II.

Plaintiff's complaint appears to proceed from the erroneous premise that 26 U.S.C. § 7701(a)(26) precludes the assessment of taxes on private enterprises. Indeed, Plaintiff confirms in his objections that "[a]ll of [his] claims are founded and based on this issue."

(ECF No. 7 at PageID.45). That provision reads that "[t]he term 'trade or business' includes the performance of the functions of a public office." § 7701(a)(26). This means that the term "trade or business" retains its ordinary meaning *and* extends to "the functions of a public office" to the extent that its ordinary meaning might not reach that far. Plaintiff seems to be confusing statutes that provide a term "includes" something with statutes that provide a term "means" something; "means" provisions exclude other meanings while "includes" provisions do not. *See Colautti v. Franklin*, 439 U.S. 379, 392 n.10 (1979) (distinguishing "means" from "includes" and explaining that "as a rule, a definition which declares what a term 'means' excludes any meaning that is not stated." (citation modified)); *Fidelity Trust Co. v. Comm'r*, 141 F.2d 54, 57 (3d Cir. 1944) (explaining that "includes" definitions in § 7701 "were not intended to limit the meaning" of the words and instead to "eliminate any doubt as to the inclusion" of what is enumerated). By Plaintiff's own representations of his complaint, (*see* ECF No. 7 at PageID.45), this means he has failed to state a claim.

Plaintiff makes one other potentially separate legal assertion: that he is not a "Government connected person" for the purposes of § 6331(a). That provision allows the Treasury Secretary to collect taxes from those liable to pay taxes "by levy upon all property and rights to property . . . belonging to such person," and separately provides for levy to be made "upon the accrued salary or wages of any officer" of the United States. § 6331(a). The provision does not restrict collection activities to officers of the United States.

While his core legal claims being based on plain misreadings of statutes is bad enough, there are other problems with Plaintiff's complaint of which he should be aware, as this is not the first time he has brought a tax-related complaint to this Court. *See Syswerda v.*

*Mnuchin,* No. 1:20-cv-471, 2020 WL 7061220 (W.D. Mich. Oct. 23, 2020). The Court dismissed that prior complaint, Plaintiff appealed, and the Sixth Circuit affirmed. *See Syswerda v. Mnuchin,* No. 20-2129, 2021 WL 5567536 (6th Cir. Sep. 23, 2021). There, the Sixth Circuit explained that the Anti-Injunction Act bars "litigation to enjoin or otherwise obstruct the collection of taxes" subject to irrelevant exceptions, *id.* at *2 (quoting *Nat'l Fed'n of Indep. Bus. v. Sebelius,* 567 U.S. 519, 543 (2012)); *see* 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."), and that Plaintiff had "another adequate remedy" because he could "petition the Tax Court to review" levies, *Syswerda,* 2021 WL 5567536, at *2 (citing *Gaetano v. United States,* 942 F.3d 727, 734 (6th Cir. 2019)). The court also explained that a "taxpayer's only remedy for allegedly illegal tax collection activities is against the United States." *Syswerda,* 2021 WL 5567536, at *2 (citing § 7433(a)).

But "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard." § 7422(a). This is a jurisdictional requirement. *Hoogerheide v. IRS,* 637 F.3d 634, 638 (6th Cir. 2011). Plaintiff never pled that he filed a claim for a refund or credit.

Plaintiff's failure to adequately plead what harm he suffered or what he wants the Court to do about it is also fatal, as the Magistrate Judge explained. (*See* ECF No. 6 at PageID.39). Whether he was requesting injunctive relief or a refund of the supposedly illegal

4

collections, the Court would be unable to grant that relief. And even if the Court indulgently read into Plaintiff's complaint a claim for damages against the United States under § 7433, and Plaintiff's legal claims were correct, the claim would fail because it would allege unlawful *assessment* of taxes rather than unlawful "collection." § 7433; *Goldberg v. United States*, 881 F.3d 529, 533-34 (7th Cir. 2018).

Plaintiff's objections merely confirm the problems the Magistrate Judge identified and the ones explained above. Plaintiff does not point to particular parts of the Magistrate Judge's analysis that were wrong, instead generally reexplaining his overall position. Plaintiff's objections conclude with unsubstantiated attacks on the Magistrate Judge's motives, (ECF No. 7 at PageID.46-48), none of which reveal a flaw in the Magistrate Judge's analysis or any wrongdoing on his part.

## III.

Plaintiff's complaint never identified exactly what harm he suffered or what he wanted the Court to do about it. The legal assertions that could be gleaned from the complaint were plainly wrong. The Magistrate Judge properly recognized this on the face of Plaintiff's complaint, so the R&R (ECF No. 6) is **ADOPTED**. Plaintiff's complaint (ECF No. 1) is **DISMISSED**.

**IT IS SO ORDERED.**

Date:  July 6, 2026                                          /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge